| | |
|---|---|
| Corning Incorporated<br>One Riverfront Plaza<br>Corning, NY 14831<br>Tel.: +1 (607) 974-9000<br><br>       Plaintiff (Complainant),<br><br>       v.<br><br>Caihong Display Devices Co., Ltd.,<br>   d/b/a Irico Display Devices Co., Ltd.<br>Area A, China-Korea Industrial Park<br>Qindu District, Xianyang City<br>Shaanxi Province, 712023, China<br><br>Hisense USA Corporation<br>7310 McGinnis Ferry Road<br>Suwanee, GA 30024<br><br>HKC Corp., Ltd.<br>HKC Industrial Park<br>1 Gongye 2nd Road<br>Shilong Community, Shiyan Street<br>Baoan District, Shenzhen City<br>Guangdong Province, 518108, China<br><br>HKC Overseas Ltd.<br>Unit 8 28/F W50<br>50 Wong Chuk Hang Road<br>Hong Kong SAR, China 999077<br><br>LG Electronics U.S.A., Inc.<br>111 Sylvan Avenues<br>Englewood Cliffs, NJ 07632<br><br>TCL China Star Optoelectronics<br>   Technology Co., Ltd.<br>9-2 Tangming Avenue<br>Guangming New District, Shenzhen City<br>Guangdong Province, 518132, China<br><br>TTE Technology, Inc.,<br>   d/b/a TCL North America<br>189 Technology Drive<br>Irvine, CA 92618 | **Civil Action No. Misc. \_\_\_\_\_** |

VIZIO, Inc.
39 Tesla
Irvine, CA 92628

Xianyang Caihong Optoelectronics
    Technology Co., Ltd.
No. 1, Gaoke Yilu
Qindu District, Xianyang City
Shaanxi Province, 71200, China

           Defendants (Respondents).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION SEEKING THE ISSUANCE OF A LETTER OF REQUEST UNDER THE HAGUE EVIDENCE CONVENTION**

Petitioner Corning Incorporated ("Corning") seeks from this Court the issuance of the attached Request for International Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Request"). Specifically, Corning requests that this Court grant this Motion, execute the attached Request, and return the executed Request to Corning.

**I.     BACKGROUND**

On December 18, 2024, Corning filed a Complaint with the U.S. International Trade Commission ("the Commission") alleging a violation of Section 337 of the Tariff Act of 1930, as amended, to prevent importation into the United States, sale for importation, and sale within the United States after importation of glass used in liquid crystal displays ("LCDs") that infringes Corning's patents and is manufactured using Corning's misappropriated trade secrets. *See Certain Glass Substrates for Liquid Crystal Displays, Prods. Containing the Same, & Methods for Mfg. the Same*, Compl. (Dec. 18, 2024) (EDIS Doc. ID 839509) ("Complaint"). A supplement to the Complaint was filed on January 7, 2025.

2

As alleged in the Complaint, Irico misappropriated trade secrets related to Corning's fusion draw process when transitioning its business from making cathode ray tubes to LCD glass.[1] *See id.* ¶¶ 2, 70-71. Irico wrongfully obtained Corning's trade secrets from at least three different sources: (1) a former employee of PicVue,[2] a Taiwanese company that originally stole Corning's trade secrets through a Corning employee at its Harrodsburg, Kentucky plant; (2) Seong-Geun Park, an employee of Tunghsu Group Co., Ltd. ("Dongxu") who worked at Irico's first fusion-draw facility and stole Corning's trade secrets through an employee at a Samsung Corning Precision Glass Co. ("SCP") plant in Korea; and (3) He Longting,[3] who accessed Corning's trade secrets while employed by Corning as a mathematical modeler before moving to China and working for Irico. *See id.* ¶¶ 74-108. Dongxu, a Chinese entity that assisted Irico in setting up Irico's first fusion draw production line, helped Irico procure Corning's stolen trade secrets and use them to develop fusion draw technology. *See, e.g.*, *id.* ¶¶ 46, 72, 93. Dongxu now makes LCD glass itself using the fusion draw process. Corning has reason to believe that Irico and Dongxu have assisted other Chinese companies in setting up LCD production plants using Corning's trade secrets, *see id.* ¶ 49, including Hunan Shaohong Special Glass Co., Ltd. ("Shaohong").

Irico's misappropriation of Corning's intellectual property did not stop with the theft of Corning's proprietary equipment designs and operational know-how. Corning holds patents on some of its fusion draw-related inventions, including its chemical compositions and methods for

---

[1] This Motion refers to Respondent Caihong Display Devices Co., Ltd., and its predecessors, affiliates, and subsidiaries collectively as "Irico."

[2] "PicVue" collectively describes PicVue Electronics, Ltd., its subsidiary PicVue OptoElectronics International, Inc., and their affiliates.

[3] The Complaint filed in the underlying Investigation refers to He Longting as "FORMER CORNING EMPLOYEE 1."

3

making LCD glass with minimal defects.[4]  *See* Compl. ¶ 4.  Irico has infringed those patents as well.  By using Corning's trade secrets and patented compositions and methods, Irico now makes LCD glass that competes with Corning's flagship product, Corning® EAGLE XG®.  *See id.*

Due to its misappropriation of Corning's trade secrets, Irico avoided the substantial time commitment and costs necessary to independently develop fusion draw technology.  *See id.* ¶ 5.  This has allowed Irico to compete against Corning with far lower costs than any law-abiding competitor would face and undercut Corning's prices.  *See id*. ¶¶ 5, 335.  Irico is also rapidly expanding its capacity for manufacturing LCD glass, with plans to more than double its LCD glass-making capacity.  *See id.* ¶¶ 331-34.

Corning recently discovered that Irico glass is being used in products imported into the United States.  *See id.* ¶ 6.  Irico has sold its infringing LCD glass to foreign panel makers located in southeast Asia, including Respondents Xianyang CaiHong Optoelectronics Technology Co., Ltd., TCL China Star Optoelectronics Technology Co., Ltd., HKC Corporation Ltd., and HKC Overseas Ltd.  These panel makers have used Irico's LCD glass to make display panels, which are then sold to manufacturers of electronic devices, such as TVs, monitors, notebook and laptop computers, and tablets.  *See id.* ¶ 27.  The electronic devices containing LCD panels with Irico's glass are then imported and sold within the United States by companies like Respondents Hisense USA Corporation, LG Electronics U.S.A., Inc. ("LG"), TTE Technology, Inc., d/b/a TCL North America ("TCL"), and VIZIO, Inc.  *See id.* ¶ 119.  As alleged

---

[4] The only patent claims at issue in this Investigation involve Irico's infringement of Corning's method patents related to the fusion draw machine.  The Commission has instituted a separate investigation into whether Irico infringes Corning's composition patents.  *See Certain Glass Substrates for Liquid Crystal Displays, Prods. Containing the Same, & Methods for Mfg. the Same II*, Inv. No. 337-TA-1441, Notice of Institution of Investigation at 1 (Mar. 3, 2025) (EDIS Doc. ID 844847).

in the Complaint, the Downstream Respondents – the panel makers and device companies who are named as respondents in the Investigation – know, or have reason to know, that Irico makes the LCD glass incorporated in their products using Corning's misappropriated trade secrets and infringes Corning's patents. *See id*. ¶¶ 119-37.

Corning filed the Complaint with the Commission under Section 337 to prevent the unlawful importation and sale of Irico's LCD glass and products containing such glass. As relief, Corning has requested that the Commission issue an exclusion order that bars the importation into the United States, sale for importation into the United States, or sale within the United States after importation of any glass substrates for LCDs, and display panels and electronic devices (including TVs, monitors, notebook and laptop computers, and tablets) containing the same, or manufactured using methods for manufacturing the same (i) that infringe one or more claims of the asserted patents or (ii) that are made with or using the asserted trade secrets. *See id.* ¶ 14. Corning also seeks a cease-and-desist order directing each Respondent to cease and desist from importing, marketing, advertising, demonstrating, warehousing inventory for distribution, offering for sale, selling, distributing, repairing, servicing, testing, licensing, or using such glass substrates for LCDs and products containing the same. *See id.* ¶ 15.

The Commission instituted the Investigation by publication in the Federal Register on January 27, 2025. *See* 90 Fed. Reg. 8140 (Jan. 24, 2025). On June 18, 2025, Corning filed a motion seeking the recommendation of the Administrative Law Judge to this Court to issue the Request. None of the parties to the Investigation opposed Corning's motion requesting that Administrative Law Judge Bhattacharyya issue the attached recommendation. On June 24, 2025, Administrative Law Judge Bhattacharyya granted the order with respect to the attached Request.

On July 20, 2025, Corning submitted a revised proposed Letter of Request. On July 21, 2025, Administrative Law Judge Bhattacharyya issued a corrected order. *See* Ex. 1.

## II. THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA HAS THE AUTHORITY TO ISSUE LETTERS OF REQUEST UNDER THE HAGUE CONVENTION

The Hague Evidence Convention authorizes a judicial authority of the United States to forward a discovery request to "the competent authority of another Contracting State" by means of a "Letter of Request." Hague Evidence Convention, art. 1, Mar. 18, 1970, 23 U.S.T. 2555. The United States and the Hong Kong Special Administrative Region of the People's Republic of China ("Hong Kong SAR, China") are parties to the Hague Convention. The Hague Convention authorizes the District Court for the District of Columbia to issue the Request. *See* 28 U.S.C. § 1781(b)(2); *Société Nationale Industrielle Aérospatiale v. United States Dist. Ct.*, 482 U.S. 522, 535 (1987).

When a Request is required in an administrative case, the district court may issue it under the All Writs Act, 28 U.S.C. § 1651, at the request of an Administrative Law Judge. *See, e.g.*, *In re Certain Elec. Devices with Commc'n Capabilities, Components Thereof, & Related Software*, 12-mc-00313- RC, Order at 2 (D.D.C. Aug. 10, 2012), ECF No. 4; *LSI Corp. v. Funai Elec. Co.*, 12-mc- 00456-JEB, Order at 1 (D.D.C. Sept. 4, 2012), ECF No. 4.

## III. THE EVIDENCE THAT CORNING SEEKS IS TAILORED, HIGHLY RELEVANT, AND UNOBTAINABLE WITHOUT THE ASSISTANCE OF THE FOREIGN COURTS

The Request is primarily relevant to Corning's trade secret misappropriation claim. Before the Commission, Corning must prove that respondents engaged in "[u]nfair methods of competition and unfair acts" by importing into the United States products that would "destroy or substantially injure an industry in the United States." 19 U.S.C. § 1337(a)(1)(A). "The Commission has long interpreted section 337 to apply to trade secret misappropriation." *TianRui*

6

*Grp. Co. v. Int'l Trade Comm'n*, 661 F.3d 1322, 1326 (Fed. Cir. 2011). In addition to proving the elements of trade secret misappropriation (i.e., the existence of protectable trade secrets, ownership of the trade secrets, wrongful taking of the trade secrets, and use or disclosure of the trade secrets), Section 337 requires that Corning prove that the "unfair acts have substantially injured or threatened to injure [a] domestic injury." *Certain Raised Garden Beds & Components Thereof*, Inv. No. 337-TA-1334, 2024 WL 1434222, at *23 (U.S.I.T.C. Apr. 1, 2024) (internal quotation marks omitted).

The issuance of Corning's Request is warranted for three reasons. *First*, the documents Corning seeks are highly relevant to establish the importation of accused products and the actual or threat of substantial injury to a domestic industry. *See* 19 U.S.C. § 1337(a)(1)(A)(i).

EGLASS International Ltd. ("EGLASS"), the nonparty at issue in this Motion, possesses unique information that is highly relevant to Corning's claims. EGLASS is an equipment supplier that advertises production lines using a fusion process, which EGLASS refers to as an "overflow down draw process®." EGLASS, ODD Over Flow Down Draw Process, http://www.eglass-international.com/. In June 2002, Corning sued PicVue and Eglasstrek GmbH, a related entity, for trade secret misappropriation involving Corning's proprietary fusion draw equipment designs. Corning alleges that PicVue provided Irico with its misappropriated trade secrets and thus has reason to believe that EGLASS, an affiliated entity of one of PicVue's co-defendants in that litigation, may have also provided Irico with trade secrets misappropriated from Corning. Accordingly, Corning believes that EGLASS possesses information that is highly relevant to Irico's development and construction of fusion draw technology using Corning's trade secrets.

The Request to EGLASS seeks information uniquely in its possession. For example, the Request seeks internal communications from EGLASS discussing the documentation and assistance that it provided to Irico for developing fusion draw technology. The Request also seeks relevant communications or agreements between EGLASS and Dongxu – a company that provided technical assistance in developing and constructing Irico's first fusion production line and aided and abetted Irico's misappropriation of Corning's trade secrets. Further, aside from the contract, invoices, and technical report from EGLASS, Irico has not produced any other documents related to its work with EGLASS.

The Request also seeks documents concerning assistance that EGLASS provided to Nippon Electric Glass Co., Ltd. ("NEG") and NH Techno Glass Corporation ("NH Techno") relating to the research, development, or construction of fusion draw technology. As described in the Complaint, NEG and NH Techno (now known as AvanStrate) developed and still use fusion draw technology to make LCD glass. EGLASS is therefore likely to have information concerning the length of time that it took NEG and NH Techno to develop fusion draw technology, which is relevant to determining the length of the exclusion order. *See Certain Lithium Ion Batteries, Battery Cells, Battery Modules, Battery Packs, Components Thereof, & Processes Therefor*, Inv. No. 337-TA-1159, Comm'n Op. at 44-45 (Mar. 4, 2021) (EDIS Doc. ID 735927) ("[T]he duration of relief in a case of misappropriation of trade secrets should be the period of time it would have taken respondent independently to develop the technology using lawful means.").

*Second*, Corning's Request is narrowly tailored to seek information that will provide evidence regarding Irico's development and construction of fusion draw technology using Corning's trade secrets.

8

*Third*, Corning cannot obtain this information by any other means because EGLASS is in Hong Kong SAR, China, beyond the subpoena power of the Commission.

## IV. CONCLUSION

For the foregoing reasons, Corning respectfully requests that this Court issue Petitioner's Request in the form attached hereto as Exhibit 2, in accordance with the recommendation of the Administrative Law Judge presiding over the ITC Investigation.

| | |
|---|---|
| Date:  July 21, 2025 | Respectfully submitted,<br>/s/ *John Thorne*<br>John Thorne (DC Bar No. 421351)<br>Thomas W. Traxler (DC Bar No. 1017860)<br>KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.<br>1615 M Street NW<br>Suite 400<br>Washington, DC 20036<br>Tel.: (202) 326-7992<br>Email:<br>jthorne@kellogghansen.com<br>ttraxler@kellogghansen.com<br><br>*Counsel for Plaintiff (Complainant)*<br>*Corning Incorporated* |

9